UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FUSION OIL COMPANY, NEW MILLENNIUM,
INC., and HASSAN HARAJLI,

    Plaintiffs,

Case No. 04-CV-73395-DT

v.

HONORABLE DENISE PAGE HOOD

CRESCENT PETROLEUM, INC. and
MOHAMMED EL-BATHY,

    Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR RECONSIDERATION OF ORDER DATED DECEMBER 15, 2004

On September 2, 2004, Plaintiffs filed an Emergency Motion for Judgment of Possession. On September 9, 2004, this Court ordered a hearing date on the motion for October 6, 2004. On September 10, 2004, Plaintiffs filed an Ex-Parte Motion for Immediate Consideration or Preliminary Injunction and/or Temporary Restraining Order. On September 15, 2004, this Court denied Plaintiffs' Motion for Temporary Restraining Order and scheduled a hearing on the Motion for Preliminary Injunction on the same date as the Motion for Judgment of Possession on October 6, 2004. Plaintiffs filed a Motion for Reconsideration of the Court's Order denying the Motion for Temporary Restraining Order which the Court also denied in an Order entered October 6, 2004. On December 1, 2004, Plaintiffs filed a second Motion for Preliminary Injunction and/or Temporary Restraining Order which the Court heard on December 9, 2004. In an Order dated December 15, 2004, the Court denied Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' Motion for Judgment of Possession, and the second Motion for Preliminary Injunction and/or Temporary

Restraining Order. Plaintiffs filed a Motion for Reconsideration of the Court's December 15, 2004 Order.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten (10) days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Plaintiffs claim that the Court did not address the status of the parties in its December 15, 2004 Order under the Land Contract entered into by the parties. The Court finds that the motion presents the same issues ruled upon by the Court, either expressly or by reasonable implication. The Court further finds that the movant has not demonstrated a palpable defect by which the Court and the parties have been misled nor have Plaintiffs shown that a different disposition of the case would result from a correction of any error.

The Court noted that there existed a Land Contract and that Plaintiffs terminated the Land Contract, along with the Motor Fuel Supply and Marketing Agreement in a letter sent to Defendants on August 26, 2004. (12/15/04 Order, p. 6) The Court held Plaintiffs could only show monetary damages and were unable to show they will suffer irreparable injury since Plaintiffs terminated the

agreement at issue.  (12/15/04 Order, p. 9)  The Court restates the Sixth Circuit's holding in *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992) that a plaintiff's harm is not irreparable if it is fully compensable by money damages.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order dated December 15, 2004 **(Docket No. 38, December 29, 2004)** is DENIED.


                                            /s/   DENISE PAGE HOOD
                                            DENISE PAGE HOOD
                                            United States District Judge

DATED: September 27, 2005