UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FUSION OIL COMPANY, et al.,

    Plaintiffs,                                    Case No. 04-73395

v.                                              HONORABLE DENISE PAGE HOOD

CRESCENT PETROLEUM, INC., et al.,

    Defendants.

_____/

**<u>ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT</u>**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Second Motion for Partial Summary Judgment, and Injunctive Relief to Compel Plaintiff to Deliver Deed to Property After this Honorable Court's Ruling Dated March 6, 2006, filed on May 25, 2006. Plaintiffs filed an Answer to Defendants' Second Motion for Partial Summary Judgment on June 16, 2006.

On August 31, 2004, Plaintiffs Fusion Oil Company ("Fusion"), New Millennium, Inc.("New Millennium"), and Hassan Harajli filed the instant action against Defendants Crescent Petroleum, Inc. ("Crescent") and Mohammed El-Bathy alleging, Count I; Declaratory Judgment under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*; and Count II, Breach of Contract.

**II.    STATEMENT OF FACTS**

    **A.    Background**

The parties to this action entered into various agreements involving a fuel station located

at 30861 John R. Road, Madison Heights, Michigan. On January 23, 2004, Plaintiffs and Defendants entered into several cross-collateralized agreements, which included: 1) Land Contract; 2) Motor Fuel Supply & Marketing Agreement ("Motor Fuel Agreement"); 3) Line of Credit Agreement; 4) Demand Promissory Note; 5) Personal Guarantee; and 6) Agreement to Cross-Collateralize (collectively referred to as the "Franchise Agreement"). The Agreement to Cross Collateralize states that "a default on any monies due and owing on any one of the above named documents will automatically constitute default on all documents and agreements entered into . . . ." (Pls.' Compl., Ex. D). The Land Contract Agreement allowed Defendants to purchase the fuel station property from Plaintiffs as land contract vendees at a purchase price of $690,000.00. (Defs.' Third Am. Counter-Compl., ¶ 18). The Motor Fuel Agreement was for a term of twenty years and required Defendants to: 1) purchase a minimum of 110,000 gallons of fuel per month for the fuel station; 2) use good faith and best efforts to maximize the sale of Fusion's brand of fuel; 3) purchase directly from Fusion no less than 100% of the monthly and contract year quantities Defendants are able to sell; 4) pay Fusion within 48 hours after delivery; and 5) exercise sound business practices in managing the agreement.

On March 1, 2004, Plaintiff Harajli sent a letter of Formal Notice informing Defendants that they were in breach of the Motor Fuel Agreement. The letter stated that Defendants were in breach of the agreement by failing to have gasoline fuel product for over four days. Defendant El-Bathy stated by way of affidavit, that the reason Defendants did not have gasoline fuel product was due to Plaintiffs' failure to deliver gasoline within twenty-four hours of Defendants' order, which was a breach of the Motor Fuel Agreement.

On August 26, 2004, Plaintiffs sent a letter to Defendants stating that the Franchise

Agreement between the parties was terminated, which included the Land Contract and Motor Fuel Agreement, due to Defendants' failure to pay Fusion Oil in a timely manner, the instances where the station had no fuel, and Defendants' attempts to cross-haul petroleum products. The letter also demanded that Defendants vacate the premises no later than September 10, 2004.

### B. Procedural History

This instant matter has a relatively complicated procedural history. Plaintiffs filed their Complaint along with an Emergency Motion for Judgment of Possession, Motion for Temporary Restraining Order and Motion for Preliminary Injunction. On September 10, 2004, Plaintiffs filed a Motion for Immediate Consideration of Plaintiffs' Motions for Preliminary Injunction and for Temporary Restraining Order. On September 15, 2004, this Court denied Plaintiffs' Motion for Immediate Consideration based upon Plaintiffs' failure to demonstrate the requisite showing of immediate and irreparable injury, or that Plaintiffs would suffer loss or damage if Defendants' attorney was given an opportunity to be heard in opposition to Plaintiffs' Motion. On September 20, 2004, Defendants filed a Counter-Complaint against Plaintiffs[1], as well as filed a Third Party Complaint against Comerica Bank, the latter being dismissed upon stipulation of the parties on January 28, 2005. On December 15, 2004, this Court denied Plaintiffs' second Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order. On April 8, 2005, Defendants filed a Motion to Compel Plaintiff to Deliver Deed to Property to Defendant and Motion for Summary Judgment. On April 14, 2006, Plaintiffs filed a Motion for Summary Judgment on the Complaint and Motion for Summary Judgment of Defendants' Counter-Complaint. Defendants sought summary judgment on the issue that Plaintiffs breached the Land

---

[1] This has been amended three times as will be more fully explained below.

Contract by refusing to deliver the Deed to Plaintiffs. Defendants argued that they were ready, willing and able to tender the entire principal balance and accrued interest due on the Land Contract and requested specific performance by Plaintiff New Millennium to deliver the Deed to Defendants pursuant to the terms of the Land Contract. In denying Defendants' request, this Court noted that Defendants failed to specifically seek this relief in their Counter-Complaint, namely Defendants did not allege a breach of contract for purchase of real estate under the Land Contract, nor request specific performance for delivery of the Deed. The Court considered Defendants' Motion as a Motion to Amend the Complaint to add additional claims and gave Defendants fourteen days within which to amend their Counter-Complaint. The March 30, 2006, Order also denied both of Plaintiffs' Motions for Summary Judgment. On April 5, 2006, Defendants filed a Third Amended Counter-Complaint, alleging: Count I, Breach of Motor Fuel Supply & Marketing Agreement; Count II, Breach of Land Contract and Specific Performance; and Count III, Violation of the Petroleum Marketing Practices Act. On April 19, 2006, the Court issue an Amended Order Declaring Escrow, ordering an escrow account be opened and maintained, that Defendants make payments on the Land Contract to this account and that neither party could withdraw funds from the account during the pendency of these proceedings without the Court's permission.

**III.   APPLICABLE LAW & ANALYSIS**

    **A.   Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a

reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

    **B.**    **Defendants' Motion for Partial Summary Judgment**

Defendants Crescent Petroleum, Inc. and Mohammed El-Bathy state that they have performed all of their obligations under the Land Contract and have amended their Counter-Complaint to add a claim for breach of land contract and for specific performance. As such, Defendants argue there is no genuine issue of material fact remaining in this matter as to why Plaintiff New Millennium, Inc. should not be compelled to deliver the Deed to the property that is the subject of this matter. Plaintiffs counter that there is no Land Contract since Plaintiffs terminated the Motor Fuel Agreement, which was cross collateralized with the Land Contract. As such, Defendants' default under the Motor Fuel Agreement rendered both agreements terminated. Plaintiffs also assert that Defendants' Motion is past the April 14, 2005 deadline for filing dispositive motions per this Court's Scheduling Order.

Defendants' Motion is basically a renewed request for delivery of the Deed based upon this Court's March 30, 2006 Memorandum Opinion and Order. Defendants assert that the reason the Court could not grant their request when they originally moved for delivery of the Deed was Defendants' failure to specifically request specific performance in their Counter-Complaint. Since Defendants have now amended their Counter-Complaint to request the relief they now seek in this second motion for delivery of the Deed, this Court should issue an Order compelling Plaintiff New Millennium to deliver the Deed. Plaintiffs counter that since the Court declared in its March 30, 2006 Order that the Motor Fuel Agreement was terminated, no Land Contract exists.

Defendants also allege that they have continued to make payments on the Land Contract, depositing them into the escrow account, and that all payments are current. Defendants assert that they have received a loan commitment and are ready, willing and able to tender the

6

remaining balance on the Land Contract. (*See* Defs.' Second Mot. for Partial Summ. J., Ex. F). Plaintiffs counter that Defendants' Land Contract payments are in default and the escrow account is not current. The Court notes that Defendants have provided no documentation in support of their assertion that they are up-to-date on payments under the Land Contract.

Defendants also argue that they sent a letter to Plaintiffs' attorney requesting Plaintiffs sign an Estoppel Certificate confirming the balance due on the Land Contract. This letter also informed Plaintiffs of Defendants' intention to pay off the balance in full based upon the loan commitment. Plaintiffs have refused. (*See* Defs.' Second Mot. for Partial Summ. J., Ex. G). The Court notes that the letter, dated March 2005, indicates that the loan commitment has a term of thirty days before it expires. (*Id.*).

Lastly, Defendants assert that Plaintiffs have initiated a forfeiture action in State Court in an effort to obtain possession of the subject property.[2] Defendants argue that Plaintiffs' State Court action is a direct attempt to circumvent this Court's previous rulings denying Plaintiffs' requests for declaration that Defendants breached the Franchise Agreement entitling Plaintiffs to recover possession of the premises. Defendants argue that the Law of the Case doctrine applies since this Court has already determined that Plaintiffs are not entitled to possession of said property. Defendants misstate this Court's previous rulings. The Court has never held that Plaintiffs are not entitled to possession of the fuel station property. The Court held only that a genuine issue of material fact exists as to whether Plaintiffs rightfully terminated the Motor Fuel Agreement, and whether they are entitled to possession of the fuel station property. Additionally, Plaintiffs argue that they are not required to pursue forfeiture proceedings in

---

[2] This action was commenced in the 43rd District Court, Ferndale, Michigan.

federal court, and are seeking possession of said property pursuant to the summary proceedings statute applicable in state court. The Court notes that Plaintiffs referenced the ongoing proceedings in the instant matter on the Complaint filed in the State Court action.

The Court cannot grant Defendants' request for delivery of the Deed. In this Court's March 30, 2006 Order, the Court noted that genuine issues of material fact still remain regarding whether Plaintiffs were entitled to terminate the Motor Fuel Agreement. The Court found that there was a genuine issue of material fact as to whether Plaintiffs or Defendants first breached the Motor Supply Agreement. The Court cannot compel Plaintiffs to deliver the Deed under the Land Contract, as it is unclear at this stage in the proceedings whether the Land Contract is still valid. If Plaintiffs had the right to terminate the Motor Fuel Agreement, then the entire Franchise Agreement, including the Land Contract would terminate as well, giving Defendants no right to pay off the balance on the Land Contract.

Alternatively, if Defendants do have a right to pay off the remaining balance on the Land Contract, an Order to Compel Delivery of the Deed would still be inappropriate. Under the express language of the Land Contract, Plaintiffs are not obligated to deliver the deed until they have received the entire purchase price and after Defendants execute a second Mortgage and other necessary documents. (*See* Defs.' Second Mot. for Partial Summ. J., Ex. B). There remain genuine issues of material fact as to whether Defendants have performed all of their obligations under the terms of the Land Contract. As such, genuine issues of material fact remain as to whether Plaintiffs are required to perform or deliver the Deed to Defendants. "A land contract is an executory contract in which legal title remains in the seller/vendor until the buyer/vendee performs all the obligations of the contract . . . ." *Zurcher v. Herveat*, 238 Mich. App. 267, 291,

605 N.W.2d 329 (1999).

### IV.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Second Motion for Partial Summary Judgment, and Injunctive Relief to Compel Plaintiff to Deliver Deed to Property After this Honorable Court's Ruling Dated March 6, 2006 [**Docket No. 102, filed May 25, 2006**] is DENIED.


      /s/ Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

Dated: March 26, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager